UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JASON GOULD &
GOULD VENTURES, LLC,

    *Plaintiffs,*

v.

ZACHARY SHAPIRO,

    *Defendant*.

Case No.: 1:26-cv-01330

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, Jason Gould and Gould Ventures, LLC, by and through their undersigned attorneys, as and for their Complaint against Defendant Zachary Shapiro, allege as follows:

**NATURE OF THE ACTION**

1. This is an action for damages arising out of Defendant's legal malpractice and breach of fiduciary duty in failing to follow Plaintiffs' express instruction to obtain proof of directors and officers liability insurance ("D&O Insurance") before Plaintiffs agreed to accept a board seat and join the board of a venture-backed company, and in failing to advise Plaintiffs not to join the board without such proof.

2. Defendant knew that D&O Insurance was a condition precedent to Plaintiffs' acceptance of a board seat. Defendant nevertheless failed to obtain any independent verification and nevertheless advised Plaintiffs in substance that their risks were protected.

3. As a direct and proximate result, Plaintiffs accepted a board seat and joined the board without D&O coverage, became embroiled in a fraud by company leadership, incurred more

than $100,000 in legal defense costs, and was sued for alleged conduct and duties arising from his board service.

## THE PARTIES

4. Plaintiff Jason Gould is an individual residing in Toms River, New Jersey.

5. Plaintiff Gould Ventures, LLC is a Delaware limited liability company with a principal place of business in Toms River, New Jersey. Plaintiff Jason Gould is the sole member of Gould Ventures, LLC.

6. Defendant Zachary Shapiro is an attorney who, upon information and belief, is admitted to practice law in the State of New York and maintains an office for the practice of law at 7 Douglass Street, Brooklyn, New York, NY 11231.

## JURISDICTION AND VENUE

7. Venue and jurisdiction are proper in the federal district court pursuant to 28 U.S.C. 1332(a)(1) as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Venue is proper in the Southern District of New York because the parties agreed that disputes "shall be resolved" exclusively in the state or federal courts located in New York County.

9. The parties' engagement agreement further provides that New York law governs disputes relating to the engagement.

## FACTUAL ALLEGATIONS

10. On or about March 10, 2022, Defendant was retained "in connection with contract review and legal consulting with regard to certain venture investments (the "Services")."

11. Defendant charged fees at the rate of $600 per hour.

12. Defendant represented Plaintiffs in multiple venture-related transactions during 2022 and held himself out as Plaintiffs' trusted counsel in venture and governance matters.

13. During 2022, Plaintiff Gould Ventures, LLC was an investor in Carbon IQ (d/b/a "Rumby").

14. In the spring and summer of 2022, Plaintiffs were approached by Carbon IQ leadership to consider accepting a board seat and joining the company's board of directors.

15. Defendant was directed to conduct diligence and to ensure Plaintiffs' interests were protected in connection with any board role.

16. During the summer months of 2022, Plaintiffs specifically instructed Defendant in multiple verbal communications to verify whether D&O Insurance was in place before Plaintiffs would agree to accept a board seat and join the board. During these communications, Plaintiffs made clear that D&O coverage was a requirement for Plaintiffs' to accept the board seat and serve on the board.

17. Plaintiffs reasonably relied on Defendant's legal advice, judgment, and performance of services in deciding whether to accept the board position.

18. On or about August 16, 2022, Defendant communicated with Carbon IQ's outside corporate counsel, Cooley LLP, requesting confirmation of D&O Insurance as part of the board seat discussions.

19. On August 19, 2022, Cooley responded to Defendant confirming "insurance" in response to Defendant's request to confirm adequate D&O coverage for Plaintiffs.

20. Both before and following that response, Plaintiffs specifically directed Defendant to obtain proof of D&O Insurance (*e.g.,* a certificate of insurance, a policy number, binder,

declarations page, and/or other independent verification sufficient to confirm coverage, limits, insureds, and effective dates).

21. Defendant failed to obtain any documentation evidencing D&O Insurance in place for the board and for Plaintiff as a director.

22. After receiving Cooley's written confirmation that D&O insurance existed, Plaintiffs discussed that confirmation with Defendant by phone. During that call, Plaintiffs specifically asked Defendant whether joining the Board should be delayed until the D&O policy or declaration page was produced. Defendant advised, in substance, that Cooley's confirmation was sufficient, that there was no need to delay joining the Board, and that obtaining the policy documentation could be handled later for record-keeping purposes. Plaintiffs relied on that advice in accepting the Board appointment.

23. In advising Plaintiffs to proceed, Defendant did not caution that Cooley's confirmation might be incomplete or inaccurate, did not advise Plaintiffs that the absence of the D&O policy or declaration page posed a material risk, and did not recommend that Plaintiffs refuse or delay acceptance of the Board position or joining the board until documentary proof of coverage was obtained. Instead, Defendant conveyed and endorsed Cooley's confirmation as sufficient, and undertook no further steps to protect Plaintiffs when the requested documentation was never produced.

24. A reasonable attorney exercising ordinary skill and knowledge in venture transactions and corporate governance knows that: (i) D&O policies are routinely evidenced by certificates of insurance, declarations pages, or policy summaries; (ii) absence of such documentation raises substantial doubt about coverage; and (iii) a naked assurance from company

counsel, without supporting documentation, is insufficient to verify coverage for a client whose acceptance of directorship is conditioned on such coverage.

25. On September 1, 2022, relying on Defendant's advice and the understanding conveyed through Defendant that Plaintiffs' risks were protected, Plaintiffs accepted the board seat and joined Carbon IQ's board of directors.

26. Plaintiffs thereafter discovered that they were at the center of a fraud perpetrated by Cantey, including theft and misconduct harming the company and its stakeholders.

27. The prior assurances that D&O Insurance was in place later proved false.

28. After joining the board, Plaintiffs learned that the company never secured D&O Insurance providing coverage for board members.

29. Plaintiffs were forced to spend nearly $100,000 out-of-pocket to investigate, expose, and address Cantey's fraud and theft, and to protect Carbon IQ's interests while satisfying the legal duties imposed by board service.

30. On November 30, 2022, Refinery Management LLC filed suit against Plaintiff Jason Gould in part based on allegations concerning Mr. Gould's duties as a member of Carbon IQ's board of directors.  See *Refinery Management, LLC v. Carbon IQ, Inc., et al.*, Case Number: 1:22-cv-00706-TSB (S.D. Ohio) (hereafter "Underlying Action").

31. Plaintiffs have incurred and continue to incur attorneys' fees, costs, and other damages arising from the Underlying Action and related matters that would have been avoided or substantially mitigated had Defendant met the applicable standard of care.

32. Plaintiffs would never have accepted the board seat or appointed Plaintiff Jason Gould to the board of Carbon IQ had Defendant (i) followed Plaintiffs' instructions to obtain proof

of D&O Insurance, (ii) properly advised Plaintiffs not to join without such proof, or (iii) not assured Plaintiffs that Cooley's representations were sufficient.

## FIRST CAUSE OF ACTION
### (Legal Malpractice)

33. Plaintiffs repeat and reallege the prior paragraphs as if fully set forth herein.

34. Defendant owed Plaintiffs a duty to exercise the degree of care, skill, and diligence commonly possessed and exercised by a member of the legal profession in New York under similar circumstances.

35. Defendant breached that duty, including by:

   a. Disregarding Plaintiffs' instruction to obtain proof of D&O Insurance;

   b. Failing to obtain such proof prior to Plaintiffs accepting the board seat and joining the board;

   c. Failing to advise Plaintiffs that a mere assurance from company counsel was inadequate and that Plaintiffs should not accept the board seat or join the board absent documentary proof of D&O Insurance;

   d. Advising Plaintiffs to proceed despite Defendant not having obtained proof of D&O Insurance; and

   e. Placing Plaintiffs in a foreseeable conflict-laden governance risk position without the basic protection Plaintiffs required.

36. Defendant's departures from the standard of care were a direct and proximate cause of Plaintiffs' damages.

37. But for Defendant's negligence, Plaintiffs would not have accepted the board seat or joined the board without verified D&O coverage, would not have been exposed to uninsured director-liability risks, and would not have incurred the out-of-pocket expenses and losses alleged herein.

38. As a result, Plaintiffs have suffered damages in an amount to be proven at trial, including but not limited to: (i) out-of-pocket payments exceeding $500,000.00; (ii) attorneys' fees, costs, and expenses incurred in the Underlying Action and related matters; (iii) consequential damages arising from uninsured exposure; and (iv) such other actual damages as will be established through discovery and at trial.

## SECOND CAUSE OF ACTION

### (Breach of Fiduciary Duty)

39. Plaintiffs repeat and reallege the prior paragraphs as if fully set forth herein.

40. As Plaintiffs' attorney, Defendant owed Plaintiffs fiduciary duties, including duties of loyalty, honesty, full disclosure, and to follow the client's lawful instructions concerning the objectives of the representation.

41. Defendant breached his fiduciary duties, including by:

   a. Disregarding Plaintiffs' instruction to obtain proof of D&O Insurance;

   b. Failing to obtain such proof prior to Plaintiffs accepting the board seat and joining the board;

   c. Failing to advise Plaintiffs that a mere assurance from company counsel was inadequate and that Plaintiffs should not accept the board seat or join the board absent documentary proof of D&O Insurance;

   d. Advising Plaintiffs to proceed despite Defendant not having obtained proof of D&O Insurance; and

   e. Placing Plaintiffs in a foreseeable conflict-laden governance risk position without the basic protection Plaintiffs required.

42. Defendant's breach of fiduciary duty caused Plaintiffs to sustain the damages described above.

43. In addition to compensatory damages, Plaintiffs seek disgorgement and/or forfeiture of legal fees paid to Defendant for services rendered in connection with the board seat

diligence and related advice, to the extent permitted by law, because Defendant's breaches went to the heart of the entrusted assignment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendant as follows:

a. Compensatory damages in an amount to be determined at trial;

b. Consequential damages in an amount to be determined at trial;

c. Disgorgement/forfeiture of fees as alleged (on the fiduciary duty claim) to the extent permitted by law;

d. Pre- and post-judgment interest as permitted by law;

e. Costs and disbursements of this action; and

f. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury as to all issues so triable.

PLAINTIFFS,

JASON GOULD &
GOULD VENTURES, LLC

*/s/ Peter Rydel*

Peter K. Rydel, Esq.(PR2793)
Kelly E. Petter, Esq.
GERBER CIANO KELLY BRADY LLP
100 Corporate Place, Suite 210
Rocky Hill, CT 06067
prydel@gerberciano.com
Tel.: 860-333-8239
*Attorneys for Plaintiffs*